IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| **IONA HOWARD,** *Plaintiff,* | * * * |
| v. | * |
| **AMICA MUTUAL INSURANCE CO.** *Defendant.* | * * |

Case No.: 22-cv-662-PWG

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Pending before me is Defendant Amica Mutual Insurance Company's ("Amica") Motion to Dismiss the Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 16 ("Motion to Dismiss"). Amica's Motion to Dismiss is fully briefed[1] and no hearing is necessary. Local Rule 105.6 (D. Md. 2021). For the reasons explained below, Amica's Motion to Dismiss is granted and this case is dismissed without prejudice.

## BACKGROUND

Ms. Howard filed the Complaint in this action on March 18, 2022. ECF No. 1, Compl. She Amended her Complaint on May 9, 2022. ECF No. 11, Am. Compl. The Amended Complaint alleges, in sum, that Amica's insured, a Ms. Doloress Zalavsky, struck Ms. Howard with her vehicle and did not stop the car until eyewitnesses chased her as she drove away. *Id.* Ms. Howard alleges that she was seriously injured and was admitted to the hospital for approximately two weeks following the accident. *Id.* ¶ 15. As a result of the accident, Ms. Howard alleges she has

---

[1] *See* ECF No. 18, Response in Opposition; ECF No. 22, Reply to Response.

1

"back and upper neck injuries" that have required extensive treatment, including a neck surgery in early 2022. *Id.* ¶ 16 Ms. Howard alleges that an Amica employee sent her a letter six months after the accident "stating [Ms. Howard] was at fault" for the accident. *Id.* ¶ 17. Ms. Howard seeks approximately $10 million in damages.

The Amended Complaint includes a single count of negligence against Amica. Throughout the negligence count, the Amended Complaint also claims multiple violations of the Maryland Declaration of Rights. Amica moves to dismiss the Amended Complaint in its entirety.

## STANDARD OF REVIEW

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) if it "fails to state a claim upon which relief can be granted." The purpose of the rule is to test the sufficiency of the complaint, not to address its merits. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The claim for relief must be plausible, and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678–79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

When reviewing a motion to dismiss, the Court must accept the well pleaded facts in the operative complaint and also may "consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013) (citing *Philips v. Pitt County Memorial Hosp.*, 572 F.3d

176, 180 (4th Cir. 2009)). It is well-established in the Fourth Circuit that the pleadings of *pro se* parties should be liberally construed to recognize meritorious claims and serve justice. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). But that does not mean that I can "ignore a clear failure to allege facts that set forth a cognizable claim" and construct a claim for Mr. St. Clair myself. *See McCoy v. Pepco Holdings, Inc.*, 2016 WL 8678000, at *4 (D. Md. 2016).

## ANALYSIS

Amica argues that the Amended Complaint fails to state a claim on which relief can be granted for two reasons: *first* because the factual allegations do not satisfy the basic elements of a negligence claim, and *second* because Maryland law does not permit a lawsuit against an alleged tortfeasor's insurer unless and until the tortfeasor's liability is established by verdict or judgment. Motion to Dismiss at 3–4. I agree.

"To state a claim of negligence in Maryland, a plaintiff must establish the following four elements: a duty owed to him or her (or to a class of which he or she is a part), a breach of that duty, a legally cognizable causal relationship between the breach of the duty and the harm suffered, and damages." *Kennedy Krieger Inst., Inc. v. Partlow*, 191 A.3d 425, 440 (Md. 2018) (cleaned up). Here, Ms. Howard has failed to allege the duty owed to her by Amica, how Amica breached that duty, or how that breach caused the damages for which she seeks recovery. And although I read Ms. Howard's pro se Amended Complaint liberally, I cannot simply ignore a complete dearth of factual allegations that would support the claims alleged. Additionally, it is well-established under Maryland law that "a tort claimant may not maintain a direct action against the defendant tortfeasor's liability insurer until there has been a determination of the insured's liability in the tort action. Once there is a verdict or judgment in the tort action, a direct action may be maintained against the liability insurer." *Washington Metro. Area Transit Auth. v. Queen*, 597 A.2d 423, 425–

26 (Md. 1991) (collecting cases). There is no allegation that there has been any finding by a court with respect to Ms. Zalavsky's liability. And Ms. Howard may not maintain a direct action against Amica unless and until there is. For those reasons, Amica's Motion to Dismiss Ms. Howard's negligence claim is granted.

Ms. Howard also alleges that Amica committed multiple violations of the Maryland Declaration of Rights. As briefly explained below, Ms. Howard has failed to state a claim under any of the Articles cited in her Amended Complaint:

- **Article 17** – Article 17 is Maryland's equivalent of the ex post facto clause in the United States Constitution. In short, it prohibits the enactment of laws that retroactively criminalize actions that were lawful at the time they were committed. The Amended Complaint repeatedly cites Article 17 but offers no explanation for how it applies. Because Article 17 is inapplicable to this civil suit against a private entity, Amica's Motion to Dismiss must be granted with respect to any Article 17 claim made by Ms. Howard.

- **Article 19** – Maryland courts apply Article 19 in the following contexts: "(1) Guaranteeing a right to a remedy both in circumstances in which the legislature has failed to provide such a remedy and in circumstances in which the legislature unreasonably seeks to limit an existing remedy. These claims arise in a variety of situations, including new or expanded immunities, damage caps, statutes of limitation and repose, and alternative compensation systems; (2) Ensuring that rights belonging to Marylanders are not illegally or arbitrarily denied by the government; and (3) . . . to ensure that courtrooms are open to litigants and the public." Friedman, D., *Jackson v. Dackman Co.: The Legislative Modification of Common Law Tort Remedies Under Article 19 of the Maryland Declaration of Rights*, 77 Md. L. Rev. 949 (2018). Here, Ms. Howard alleges that Ms. Zalavsky violated her rights under Article 19 when she failed to "stop to see if [Ms. Howard] was alive" but instead continued driving. I struggle to see how that constitutes a violation of Article 19, and, in any event, Ms. Zalavsky is not a defendant in this action. The Amended Complaint is devoid of any allegations regarding **Amica's** violation of Article 19. Therefore, Amica's Motion to Dismiss must be granted with respect to any Article 19 claim made by Ms. Howard.

- **Article 24** – "Article 24 is Maryland's analogue to the Fourteenth Amendment of the United States Constitution." *Okwa v. Harper*, 757 A.2d 118, 141 (2000); *State v. Dett*, 891 A.2d 1113, 1120 (2006) ("Article 24 of the Declaration of Rights is the State analogue to the due process clauses of the Fifth and Fourteenth Amendments."). Claims under Article 24 are based either on alleged due process or equal protection violations. *Id.* Here,

4

Ms. Howard vaguely asserts that various conduct by Ms. Zalavsky violated her rights under Article 24. But Ms. Zalavsky is not a defendant in this Action, and the Amended Complaint contains no allegations regarding any conduct by **Amica** that could constitute an Article 24 violation. Accordingly, Amica's Motion must be granted with respect to any Article 24 claims made by Ms. Zalavsky.

- **Article 45** – Article 45 provides that "[t]his enumeration of Rights shall not be construed to impair or deny others retained by the People." Article 45 has no facial application to this case. And because the Amended Complaint provides no explanation of the alleged violation, Amica's Motion to Dismiss any such claims must be granted.

- **Article 46** – Article 46 provides that "Equality of rights under the law shall not be abridged or denied because of sex." The Amended Complaint offers no explanation for invoking Article 46, which is wholly inapplicable to this motor vehicle tort case. Amica's Motion to Dismiss any Article 46 claims must be granted.

- **Article 47** – Finally, Article 47 provides certain rights to victims of crimes. This Article, too, is wholly inapplicable in this civil action against a liability insurer. Amica's Motion to Dismiss those claims must be granted.

In its final paragraph, the Amended Complaint also appears to allege, without elaboration, that there was "tortious interference" by Amica. *Id.* ¶ 19. The same paragraph also cites as apparent bases for recovery various portions of the Internal Revenue Code, the Civil Rights Act, and, most curiously, Amica's Charter as filed with the State of Maryland. There are no factual bases provided for any of these violations, and, like Amica, I am at a loss with respect to their application in this auto-tort case. To the extent the Amended Complaint seeks relief from any of those sources, the Motion to Dismiss any such claims is granted.

## CONCLUSION

For the reasons explained above, Amica's Motion to Dismiss is GRANTED. And because Amica's Motion to Dismiss is granted, Ms. Howard's Motion for Summary Judgment, ECF No. 28, is DENIED. Finally, because no hearing is necessary to resolve this case, *see* Local Rule 105.6, Ms. Howard's Motion to be Heard, ECF No. 19, is also DENIED.

**ORDER**

For the reasons identified in the foregoing Memorandum Opinion, it is hereby ORDERED that:

1. Amica Mutual Insurance Company's Motion to Dismiss, ECF No. 16, is GRANTED and this case is DISMISSED WITHOUT PREJUDICE;

2. Ms. Howard's Motion for Summary Judgment, ECF No. 28, is DENIED;

3. Ms. Howard's Motion to be Heard, ECF No. 19, is DENIED;

4. The Clerk shall send a copy of this Memorandum Opinion and Order to Ms. Howard at her address of record;

5. The Clerk shall close this case.


Dated: December 9, 2022                              /S/
                                              Paul W. Grimm
                                              United States District Judge